FILED
DEC 22 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GLADYS MCCOY APARTMENTS<br>LIMITED PARTNERSHIP,<br><br>          Plaintiff, | CV. 09-981-PK<br><br>FINDINGS AND<br>RECOMMENDATION |
| v. | |
| STATE FARM FIRE & CASUALTY<br>COMPANY,<br>          Defendants. | |

PAPAK, Judge:

      Plaintiff Gladys McCoy Apartments, L.P., filed this property insurance dispute in state court, seeking damages and declaratory relief against its insurer, State Farm, and Mega Pacific Corporation, the contractor who built the McCoy apartments. Defendants removed the case on the basis of diversity jurisdiction. Plaintiff's Motion to Remand (#4) is now before the court. Plaintiff's motion should be denied, for the reasons set forth below.

Page 1 - FINDINGS AND RECOMMENDATION

## LEGAL STANDARD

Upon a party's motion to remand, a federal court may remand a case to state court for lack of subject matter jurisdiction at any time before the court issues a final judgment. 28 U.S.C. § 1447(c). The party opposing the motion for remand has the burden of proving federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). After the court examines possible bases for federal jurisdiction, any remaining doubt favors remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## BACKGROUND

Plaintiff Gladys McCoy Apartments filed this action in state court alleging that State Farm unlawfully denied insurance coverage for the cost to repair damages caused by collapses at the McCoy Village apartment complex, which McCoy Apartments owns. McCoy Apartments, an Oregon limited partnership, named State Farm Fire and Casualty Insurance Company and Mega Pacific Company as defendants. State Farm is a corporation organized under the laws of Illinois, with its principal place of business in Illinois. Mega Pacific Company is an Oregon corporation.

After McCoy Apartments did not provide proof of service on Mega Pacific, the state court sent a notice of intent to dismiss the action against Mega Pacific. The notice set a deadline for McCoy Apartments to either provide proof of service or else submit a motion and accompanying affidavit informing the court why McCoy Apartments had not yet completed service on Mega Pacific. On August 3, 2009, after the deadline for proof of service or an affidavit passed, the state court entered a judgment dismissing the action against Mega Pacific.

State Farm removed the case to this court on August 20, 2009, alleging federal subject matter jurisdiction on the basis of diversity of citizenship. McCoy Apartments' motion to remand is now before the court.

## DISCUSSION

### I.     The Complete Diversity Requirement

A defendant may remove an action from state court to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a), the federal court has original jurisdiction over controversies in excess of $75,000 between parties of diverse citizenship. 28 U.S.C. § 1332(a). The diversity statute requires complete diversity. *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004-1005 (9th Cir. 2001). Thus, federal diversity jurisdiction will lie only if each defendant is diverse from each plaintiff. *Id.* Moreover, "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969). Thus, a plaintiff's failure to effect service upon the non-diverse co-defendant does not in itself justify removal by the diverse defendant. *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939).

Here, McCoy Apartments' decision to name Mega Pacific as a defendant destroyed complete diversity, as both McCoy Apartments and Mega Pacific are citizens of Oregon. State Farm, however, removed to this court after the state court dismissed the claims against Mega Pacific for lack of prosecution. Thus, the parties' dispute centers on whether the state court's dismissal of Mega Pacific gave rise to a valid basis for removal. State Farm argues that McCoy

Apartments' failure to prosecute the action against Mega Corporation amounted to a voluntary act giving rise to removal. In the alternative, State Farm asks the court to hold that McCoy Apartments fraudulently joined Mega Pacific or find that Mega Pacific was actually a plaintiff, rather than a defendant, in the state court action. Because State Farm's first argument is determinative, as explained below, I do not reach its alternative bases for removal.

## II. The Voluntary-Involuntary Rule

Under the voluntary-involuntary rule, when a complaint shows no basis for federal subject matter jurisdiction, a defendant may not remove the case to federal court "unless a 'voluntary act' of the plaintiff brings about a change that renders the case removable." *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978). Thus, if a state court dismisses a non-diverse defendant without the plaintiff's assent, the remaining diverse defendant may not remove the case on the basis of diversity jurisdiction. *See id.* at 659. Where, however, the plaintiff voluntarily dismisses a non-diverse defendant, then federal diversity jurisdiction will lie. *Id.* The rule "operates to nullify the danger that a plaintiff might join a non-diverse defendant merely to defeat jurisdiction, and then dismiss the suit as to that defendant." *Strasser v. KLM Royal Dutch Airlines*, 631 F. Supp. 1254, 1256 (C.D. Cal. 1986) (quoting 14A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3723 p. 314 (1985)).[1]

Here, the state court dismissal of Mega Pacific has both voluntary and involuntary aspects. On the one hand, the state court, not McCoy Apartments, dismissed the case against

---

[1] In addition to the voluntary-involuntary rule, "it is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith." *Pullman*, 305 U.S. at 541; *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) ("Where . . . a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent and removal is proper.") (citation omitted)

Page 4 - FINDINGS AND RECOMMENDATION

Mega Pacific. On the other hand, McCoy Apartments could presumably have avoided that outcome by submitting a motion and accompanying affidavit explaining why it had not yet completed service on Mega Pacific. Thus, although the court dismissed Mega Pacific, nothing indicates that McCoy Apartments offered any opposition to the dismissal.

McCoy Apartments, however, insists that the dismissal was involuntary because only a voluntary dismissal or nonsuit by the plaintiff, as opposed to the state court, constitutes a voluntary act for purposes of removal. In support of this argument, McCoy Apartments relies in part on the fact that the Oregon Rules of Civil Procedure categorize dismissal for want of prosecution as an "involuntary dismissal." Or. R. Civ. P. 54B(3). McCoy Apartments also points out that Oregon law recognizes a court's inherent power to dismiss a matter for want of prosecution. *Main Street Asset Corp. v. Cunningham*, 98 Or. App. 346, 349, 778 P.2d 1003 (1989). I find McCoy Apartments' argument unpersuasive.

Although the Ninth Circuit has not addressed the issue of whether dismissal of a non-diverse defendant for want of prosecution may give rise to removal jurisdiction, it has provided parameters that govern my analysis. First, neither a court's decision on the merits nor a contested court decision constitutes a voluntary act giving rise to removal. *Self,* 588 F.2d at 660 (entry of a final judgment against the non-diverse defendant following trial was not a voluntary act by the plaintiff because "a final decision is an order by the court and is classically a decision made on the merits of the case"); *see also Gould v. Mutual Life Ins. Co.,* 790 F.2d 769, 771, 773 (9th Cir. 1986) (state trial court's dismissal of the claims against the non-diverse defendants, which plaintiff then appealed, did not constitute a voluntary act for purposes of removal); *see also Leong v. Taco Bell Corp.,* 991 F. Supp. 1237, 1238-1239 (D. Or. 1998) (neither plaintiff's

Page 5 - FINDINGS AND RECOMMENDATION

amendment of complaint, which changed only specific allegations against defendant, nor court's dismissal of the non-diverse defendant for failure to state claim rendered action removable).

Second, a plaintiff's abandonment of an action against a non-diverse defendant is a voluntary act giving rise to removal, even where the plaintiff did not affirmatively dismiss the defendant or file an amended complaint. *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 696 (9th Cir. 2005) (plaintiff's letter opposing a later trial date in spite of the fact that he had not served the non-diverse defendants was a voluntary abandonment of the claims against those defendants giving rise to removal); *Southern Pacific Co v. Haight*, 126 F.2d 900, 904 (9th Cir. 1942) (plaintiff's announcement that she was ready to proceed to trial when she had not yet served the non-diverse defendants constituted a voluntary act); *Bertha v. Beech Aircraft Corp.*, 674 F. Supp. 24, 27 (C.D. Cal. 1987) (plaintiff's affirmation that it had served all essential parties after deadline to serve the non-diverse defendants had passed constituted a voluntary act).

Moreover, the Ninth Circuit has recognized that federal removal jurisdiction depends on the "complaint and the context in which it is found." *Self*, 588 F.2d at 659. In *EIE Guam Corporation v. Long Term Credit Bank of Japan*, the Ninth Circuit further explained that courts faced with determining whether a plaintiff has performed a voluntary act giving rise to removal "must examine the case as a whole" and should "not exalt form over substance." 322 F.3d 635, 643 (9th Cir. 1993) (finding that, although the plaintiff did not name the foreign state entity as a defendant in the complaint, the foreign entity could remove the case under 28 U.S.C. § 1441(d) as a civil action brought in a state court against a foreign state because plaintiff, through its litigation efforts, pursued claims against the foreign state entity).

The case law persuades me to conclude that McCoy Apartment's failure to serve Mega

Page 6 - FINDINGS AND RECOMMENDATION

Pacific and apparent failure to contest the state court dismissal of the case against Mega Pacific amounted to a voluntary act giving rise to removal. First, the court's entry of judgment on the claims against Mega Pacific was neither a decision on the merits, nor is there any evidence that McCoy Apartments contested it. Second, although McCoy Apartments did not itself dismiss the action against Mega Pacific, its apparent failure to take any action in response to the court's notice constituted a voluntary abandonment of its claim.[2] Finally, the Ninth Circuit's instruction to elevate substance over form in this area leads me to conclude that the fact that the state court, not McCoy Apartments, performed the actual dismissal is not dispositive. Instead, I focus on McCoy Apartments' apparent failure to contest the dismissal. That failure removed the non-diverse defendant from this action and therefore gave rise to State Farm's right to remove the action on the basis of diversity jurisdiction. As a result, the court should deny plaintiff's motion to remand.

## CONCLUSION

Plaintiff's Motion to Remand (#4) should be denied.

///

///

///

---

[2] Neither party has submitted any evidence that McCoy Apartments responded to the state court's warning that it would dismiss the action against Mega Pacific. Although State Farm bears the burden of proof, it has met that burden by asking the court to draw the logical inference that McCoy Apartments did not respond or contest the state court's action. McCoy Apartments did not supply any evidence to the contrary in its Reply, despite the fact that, if such evidence existed, it is at its disposal.

Page 7 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 22nd day of December, 2009

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge