FILED

MAR 3 0 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GLADYS MCCOY APARTMENTS,
LIMITED PARTNERSHIP

        Plaintiff,

v.

STATE FARM FIRE & CASUALTY
COMPANY,

        Defendant.

CV 09-981-PK

FINDINGS &
RECOMMENDATION

PAPAK, Magistrate Judge:

        Plaintiff Gladys McCoy Apartments, L.P. filed this property insurance dispute in state

court seeking damages and declaratory relief against its insurer, State Farm, and Mega Pacific

Corporation, the contractor who built the McCoy Village apartments, which McCoy owns.  State

Farm removed the case on the basis of diversity jurisdiction.  Plaintiff's Second Motion to

FINDINGS AND RECOMMENDATION – PAGE 1

Remand (#22) is now before the court. Plaintiff's motion should be granted, for the reasons set forth below

## BACKGROUND

Plaintiff Gladys McCoy Apartments filed this action in state court alleging that State Farm unlawfully denied insurance coverage for the cost to repair damages caused by collapses at the McCoy Village apartment complex. McCoy Apartments, an Oregon limited partnership, named State Farm Fire and Casualty Insurance Company and Mega Pacific Company as defendants. State Farm is a corporation organized under the laws of Illinois, with its principal place of business in Illinois. Mega Pacific Company is an Oregon corporation.

In August 2009, the state court dismissed the action against Mega Pacific for failure to prosecute. State Farm removed the case to this court, alleging federal subject matter jurisdiction on the basis of diversity of citizenship. This court denied McCoy's motion to remand, finding that its failure to prosecute the claim against Mega Pacific was a voluntary act giving rise to removal jurisdiction. (Findings & Recommendation, #15.)

After the court issued its Findings and Recommendation, McCoy revealed that the Oregon Equity Fund II Limited Partnership is one of McCoy's partners. The Oregon Equity Fund, in turn, has several partners, one of which is the Federal Home Loan Mortgage Corporation, or Freddie Mac, a federally chartered corporation. The Federal Housing Finance Agency (FHFA), a federal agency, placed Freddie Mac into conservatorship in September 2008. Freddie Mac's headquarters is in Virginia. McCoy's motion to remand focuses on whether the presence of Freddie Mac or the FHFA destroys complete diversity.

FINDINGS AND RECOMMENDATION – PAGE 2

## LEGAL STANDARD

Upon a party's motion to remand, a federal court may remand a case to state court for lack of subject matter jurisdiction at any time before the court issues a final judgment.  28 U.S.C. § 1447(c).  The party opposing the motion for remand has the burden of proving federal jurisdiction.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  After the court examines possible bases for federal jurisdiction, any remaining doubt favors remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## DISCUSSION

A defendant may remove an action from state court to federal court if the federal court would have had original subject matter jurisdiction over the action.  28 U.S.C. § 1441(a). Original jurisdiction must be based either on a claim involving the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or on diversity of citizenship, which applies to suits totaling more than $ 75,000 in controversy between citizens of different states, 28 U.S.C. § 1332(a).  Federal jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity of citizenship between the parties opposed in interest."  *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004).

"In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  An unincorporated association such as a partnership or limited liability company has the citizenship of all of its members.  *Id.*  Thus, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."  *Hart v.*

*Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (citation omitted).

Here, McCoy is a limited partnership. The Oregon Equity Fund is one of McCoy's limited partners. Freddie Mac, a federally chartered corporation, is a limited partner of the Oregon Equity Fund. The parties' dispute focuses on whether Freddie Mac is a citizen of a state for diversity purposes and, if Freddie Mac is not a citizen of any state, whether that destroys complete diversity.[1]

## I.    Whether Freddie Mac Is a Citizen of a State for Diversity Purposes

The diversity statute provides, in pertinent part, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Congress enacted § 1332(c) in 1958. *Id.* at 1039. The Judicial Conference of the United States, concerned about the number of diversity cases, recommended the enactment of § 1332(c) to "prevent frauds and abuses" with respect to diversity jurisdiction and to ensure that it served its rationale of providing a federal forum to those who might face local prejudice against out-of-state parties. *Hertz Corp. v. Friend*, __ U.S. __, 175 L. Ed. 2d 1029, 1037-38 (2010).

### A.    Section 1332(c) Does Not Apply to Federally Chartered Corporations

At the time of the 1958 legislation creating § 1332(c), courts held that a federally chartered corporation doing business in several states was not a citizen of any state. *Bankers' Trust Co. v. Texas & Pac. Ry.*, 241 U.S. 295, 309 (1916) (finding that the Texas & Pacific

---

[1]   The parties also dispute whether the FHFA's conservatorship over Freddie Mac destroys diversity. As a conservator, the FHFA has the power to "take such action as may be (i) necessary to put the regulated entity in a sound and solvent condition; and (ii) appropriate to carry on the business of the regulated entity." 12 U.S.C. § 4617(b)(2)(D). Thus, the FHFA did not dissolve Freddie Mac and Freddie Mac remains as a partner in the Oregon Equity Fund. The FHFA's role is therefore irrelevant.

Railway Company, a federally chartered corporation, was not a citizen of any state for diversity purposes); *Elwert v. Pacific First Fed. Savings & Loan Assoc.*, 138 F. Supp. 395, 400-401 (D. Or. 1956) ("It appears now well established that a federal corporation which is organized to do business in several states is not a citizen of the state in which its principal office is located or of any other states within which it engages in its business.") (citing cases). As a result, a "non-localized" federally chartered corporation was not a citizen of any state unless Congress had specifically provided for state citizenship in its charter or through other legislation. *Burton v. United States Olympic Comm.*, 574 F. Supp. 517, 519 (C.D. Cal. 1983)

State Farm argues that, in enacting § 1332(c), Congress intended to apply the "principal place of business test" to federally chartered corporations. State Farm notes that the statute provides no exception for federally chartered corporations and contends that it therefore unambiguously applies to them. As a result, it urges the court to disregard the case law regarding citizenship of federally chartered corporations because it predates § 1332(c).

State Farm's argument is unavailing. Even after the enactment of § 1332(c), courts have expressly declined to apply § 1332(c) to a federally chartered corporation. In *Federal Deposit Insurance Corp. v. National Corp.*, the court wrote:

> If federal corporations whose principal place of business is located in the District of Columbia were to be considered citizens of that District, diversity jurisdiction would be expanded to almost all suits involving federally chartered corporations. This would be a result not intended by Congress. Before 1948 all suits by or against any federally chartered corporation were deemed to involve a federal question. In 1948 Title 28 U.S.C., Section 1349 was passed by Congress providing that a federal question is involved only in suits where over one-half of the stock of the federal corporation is owned by the United States. This Congressional attempt to limit federal court jurisdiction would be nullified by defendant's interpretation of diversity jurisdiction which would give federal jurisdiction to almost all suits involving federally chartered corporations. Without clearer authority, this court declines to expand its jurisdiction into this new area.

FINDINGS AND RECOMMENDATION – PAGE 5

345 F. Supp. 885, 887-888 (S.D. Iowa 1972). The Ninth Circuit adopted that reasoning.

*Hancock Fin. Corp. v. Fed. Savings & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1979)

("[W]e hold that because the [federally chartered corporation] is an agency and instrumentality of

the federal government it is not a citizen of any particular state for diversity purposes"); *see also*

*Doe v. Corp. of the Assoc. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day*

*Saints*, No. 08-371, 2009 WL 2132722, at *7 (D. Or. July 10, 2009) (explaining that a

presumption of national citizenship applies to a federally chartered corporation).

State Farm, however, relies on several cases where the courts have, with little or no

analysis, applied 1332(c) to a federally chartered corporation. *Neff v. Standard Fed. Bank*, No.

06-856, 2007 U.S. Dist. LEXIS 71976, at *1 (E.D. Ohio, Sept. 27, 2007); *Fed. Home Loan*

*Mortgage Corp. v. Devon Bank*, No. 94-5527, 1995 U.S. Dist. LEXIS 9972, at *1 (N.D. Ill. July

11, 1995); *Fed. Home Loan Mortgage Corp. v. Savannah Gardens – Oak Tree*, No. 490-137,

1991 U.S. Dist. LEXIS 19302, at *11 n.2 (S.D. Ga. Dec. 4, 1991); *Enter. Elec. Co. v. Blackfeet*

*Tribe of Indians*, 353 F. Supp. 991, 992 n.5 (D. Mont. 1973). Those cases, however, directly

conflict with controlling Ninth Circuit authority. *See Hancock*, 492 F.2d at 1329. As a result, I

decline to apply § 1332(c) to determine Freddie Mac's state of citizenship.[2]

---

[2.] At oral argument, State Farm noted that Freddie Mac is not a federal entity for purposes of the
Fifth Amendment, and the Federal Tort Claims Act. *Amer. Bankers Mortgage Corp. v. Fed.*
*Home Loan Mortgage Corp.*, 75 F.3d 1401, 1409 (9th Cir. 1996); *Mendrala v. Crown*
*Mortgage Co.*, 955 F.2d 1132, 1139 (7th Cir. 1992). Those cases, however, apply a different
body of law and thus are unpersuasive here. *See Amer. Bankers Mortgage Corp.*, 75 F.3d at
1409 ("[T]he two relevant criteria for judging Freddie Mac's status as a federal entity for Fifth
Amendment purposes are the extent to which its objectives are governmental and the extent to
which the government directs and controls the corporation's pursuit of those objectives."); 
*Mendrala*, 955 F.2d at 1135-39 (analyzing whether Freddie Mac acts primarily as an
instrumentality or agency of the United States).

FINDINGS AND RECOMMENDATION – PAGE 6

**B.      A Federally Chartered Corporation Is a Citizen of a State If Its Activities Are Localized in That State**

Courts will treat a federally chartered corporation as a citizen of a state if its activities are "localized" in that state. *Elwert*, 138 F. Supp. at 400-402 (holding that a federally chartered corporation is a citizen of Washington state because its federal charter specified that its offices and activities were localized in Washington); *see also Burton*, 574 F. Supp. at 521 (holding that the U.S. Olympic Committee is not localized when its charter indicated that it would conduct business throughout the United States and it did, in fact, carry out nationwide activities). Here, however, nothing in the legislation or the actual activities of Freddie Mac suggests that it is localized in a particular state and State Farm does not contend otherwise.

**C.      A Federally Chartered Corporation Is a Citizen of a State If Congress Designates a State of Citizenship.**

Congress may specifically designate that a federally chartered corporation is the citizen of a state, either by enacting a specific statutory provision providing for citizenship, or by incorporating the entity as a "body corporate" of a particular state. *See Bankers Trust Co.*, 241 U.S. at 309-310; *Corp. of the Assoc. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, 2009 WL 2132722, at *7 (holding that the Boy Scouts of America, a federally chartered corporation, is a citizen of the District of Columbia because its statutory charter provides that it is a "body corporate and politic of the District of Columbia"); *Patterson v. American National Red Cross*, 101 F. Supp. 655, 656-657 (S.D. Fla. 1951) (applying the same rule to the Red Cross, a federally chartered corporation).

Here, State Farm argues that Freddie Mac is a citizen of Virginia because Congress provided that its principal office "shall be in the District of Columbia or at any other place

FINDINGS AND RECOMMENDATION – PAGE 7

determined by the Corporation," 12 U.S.C. § 1452(a)(1), and it chose Virginia as its principal

office location. The statute, however, neither specifies a state of citizenship nor does it indicate

that Freddie Mac is a "body corporate" of any state. Thus, Congress did not specifically provide

for Freddie Mac's incorporation in a particular state.

Finally, State Farm argues that Congress did not intend to limit federal jurisdiction over

cases involving Freddie Mac because the legislation that created Freddie Mac provides federal

question jurisdiction over all civil actions in which Freddie Mac is a party. 12 U.S.C. § 1452(f).

Freddie Mac is not a party to this case, however, and no one argues that federal question

jurisdiction applies. Moreover, if Congress intended to provide for diversity jurisdiction over

actions involving Freddie Mac, it could have done so by specifying a state of citizenship.

## II.     Whether Freddie Mac's Lack of Citizenship Renders the Entire Partnership Stateless for Purposes of Diversity Jurisdiction

As pertinent here, the diversity statute applies to cases involving "citizens of different

states." 28 U.S.C. § 1332(a). Thus, the presence of a "stateless entity" in a case defeats diversity

jurisdiction. *See Hancock Fin. Corp.*, 492 F.2d at 1329; *Am. Vantage Cos. v. Table Mt.*

*Rancheria*, 292 F.3d 1091, 1095 (9th Cir. 2002) (unincorporated Indian tribes cannot sue or be

sued in diversity because they are not citizens of any state).

Moreover, as noted above, an unincorporated association, for purposes of diversity

jurisdiction, is not a citizen in its own right but rather assumes the citizenship of all of its

members. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 187-192 (1990); *Johnson* , 437 F.3d at

899. Thus, a court must, "without analysis of the particular entity before it, count every member

of an unincorporated association for purposes of diversity jurisdiction." *Carden*, 494 U.S. at 195

FINDINGS AND RECOMMENDATION – PAGE 8

(citation omitted) (holding that the citizenship of a limited partnership is determined by reference to both the general and the limited partners). A partnership "is a citizen of each state or foreign country of which any of its partners is a citizen." *Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 569 (2004) (holding diversity jurisdiction did not apply where, at the outset of the case, a partnership included partners who had the same citizenship as the opposing party).

State Farm argues that the presence of a federally chartered corporation as one of several partners does not defeat diversity because the partnership, despite the presence of the federal corporation, retains the citizenship of its remaining partners. While State Farm's argument has abundant logical appeal, courts have found that there is no diversity jurisdiction where one partner in a partnership lacks state citizenship. *See Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008) (holding that diversity jurisdiction did not lie where a partner was a U.S. citizen living abroad because such persons are neither citizens of a state nor citizens or subjects of a foreign state for purposes of diversity jurisdiction); *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003) (same); *Herrick Co. v. SCS Communs., Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (same); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 69 (2d Cir. 1990) (same).

Moreover, in *Swiger,* the Third Circuit specifically declined to ignore the "stateless" partner and focus solely on the citizenship of the other partners. 540 F.3d at 184-185. The court reasoned that "for purposes of diversity jurisdiction, a partnership's citizenship as a party is determined by reference to *all* partners, and *all* partners must be diverse from all parties on the opposing side." *Id.* at 185; *see also Carden*, 494 U.S. at 195. Thus,the presence of a stateless

partner rendered the partnership, as an entity, "just as 'stateless' as it [was] 'stateful.'" *Id.*[3]

The concurrence in *Swiger*, however, pointed out that neither Congress nor the the Supreme Court has addressed how courts should treat the presence of a "stateless" partner in a partnership whose partners' citizenship is otherwise completely diverse from the opposing party. *Id.* at 187-188 (McKee, J., concurring). Rather, it noted that the Supreme Court decision in *Carden* merely requires that courts must examine the citizenship of all the members of a partnership but says nothing about what to do when one partner lacks citizenship. *Id.* In addition, the concurrence noted that the rationale for diversity jurisdiction, the fear that state courts would be prejudiced against out-of-state litigants, is served if the court were to treat a stateless partner as a nullity. *Id.* at 189.

The concurrence in *Swiger*, however, agreed with the majority because it was not the province of the court to undermine the *Carden* rule or the stateless person doctrine nor was it the court's job to create law. *Id.* at 186, 188. I agree. The weight of persuasive authority sides with finding no diversity jurisdiction where a partnership is a party and one of its partners is not a citizen of any state. Moreover, in the context of removal jurisdiction, "any remaining doubt favors remand." *Gaus*, 980 F.2d at 566. I therefore conclude that this court lacks diversity jurisdiction over this matter. The court should therefore grant McCoy's motion to remand.

## CONCLUSION

For the reasons set forth above, plaintiff's second motion for remand (#22) should be granted.

---

[3.] The opinion in *Swiger* was authored by Ninth Circuit Senior Judge Tashima sitting by designation.

FINDINGS AND RECOMMENDATION – PAGE 10

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.  If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 30th day of March, 2010.

Honorable Paul Papak
United States Magistrate Judge